UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT GUIDRY** | **CIVIL ACTION NO. 08-0144** |
| VS. | SECTION P |
| **WARDEN ALVIN JONES** | **JUDGE MELANÇON** |
| | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on December 11, 2007[1] by *pro se* petitioner Robert Guidry.[2] Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. By this Petition, Guidry challenges his August 23, 1999 conviction for armed robbery entered in the Sixteenth Judicial District Court for St. Mary Parish for which he was sentenced to serve twenty-five years imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be

---

[1] The undersigned has given petitioner the benefit of the "mailbox" rule. Although the original petition was filed by the Clerk of this court on January 25, 2008, the petition was postmarked on December 14, 2007 and signed by petitioner on December 11, 2007. December 11, 2007 is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

[2] The petition was originally filed in the United States District Court for the Middle District of Louisiana. However, the petition was transferred to this court by Order dated January 22, 2008. [rec. doc. 3].

**DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

*Statement of the Case*

On August 23, 1999, petitioner pled guilty to one count of armed robbery. In accordance with a plea agreement, a pre-sentence investigation was ordered and sentencing was deferred to a later date before a different judge. The transcript of petitioner's plea hearing was filed in the state court record on October 5, 1999. [rec. doc. 1, pg. 27]. On October 20, 1999, petitioner was sentenced to serve 25-years at hard labor. [*See* Court Ex. "A"]. Petitioner did not appeal his conviction or sentence.

Communication with the Clerk of the Louisiana First Circuit Court of Appeal reveals that on June 20, 2005, petitioner filed a writ application in that court. The district court confirmed that between 1999, when petitioner was sentenced, and 2006, when petitioner filed his Motion to Withdraw his guilty plea (discussed below), there were no filings by either party in the record which could have precipitated this writ application. Hence, the nature of this writ is unknown.[3] The writ was denied by the First Circuit on August 22, 2005. Petitioner's request for discretionary review was denied by the Louisiana Supreme Court on October 6, 2006. *See State ex rel. Robert Guidry v. State of Louisiana*, 2006-KH-0799 (La. 10/6/2006), 938 So.2d 72.

---

[3]It is likely that the writ may relate to another conviction entered against petitioner under docket number 95-141-282 referenced in petitioner's sentencing minutes. However, from the record before this court, it is unclear.

On May 4, 2006[4], petitioner filed a *pro se* Motion to Withdraw his Guilty Plea in the Sixteenth Judicial District Court, asserting that the trial court did not inform him of his right to confront his accusers before accepting his guilty plea as required under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Motion was denied by the trial court without comment on May 24, 2006.

Petitioner sought review of the trial court's decision in the Louisiana Third Circuit Court of Appeal. In accordance with Louisiana state law, because petitioner's Motion to Withdraw his Guilty Plea had been filed after his sentencing, the Motion was construed as an Application for Post-Conviction Relief. Because the Application had been filed over six years after petitioner's conviction and sentence became final, on November 14, 2006, the Louisiana Third Circuit Court of Appeals denied petitioner's request for writs finding that the Application was untimely, that is, filed after the limitations period for filing post-conviction applications found in La.C.Cr.P. article 930.8[5] had expired.[6] [rec. doc. 1, pg. 14, *State v. Guidry*, 2006-KW-2112 (La.App. 3rd Cir. 11/14/06) (unpublished)].

---

[4]The Motion is dated May 4, 2006, although it was not filed by the Clerk until May, 15, 2006. Accordingly, the undersigned has again given petitioner the benefit of the "mailbox" rule. *See* fn. 1, *supra.*

[5] LSA C.Cr.P. art. 930.8 provides in pertinent part, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922..."

[6]The court found as follows:
After sentencing, the district court may set aside the guilty plea and sentence only if the facts surrounding the guilty plea render it constitutionally deficient. *State v. Smith*, 406 So.2d 1314, 1315 (La. 1981). Such a request (filed after sentencing) is in the nature of postconviction relief, and it must be filed timely under La. Code Crim. P. art. 930.8. *State ex rel Chauvin v. State*, 99-2456 (La. App. 1st Cir. 1/28/00), 814 So.2d 1 (per curiam). *See State v. Lewis*, 421 So.2d 224, 226 (La. 1982). Herein, relator's application for postconviction relief was filed over six years after his conviction and sentence became final and thus, was untimely.

On September 28, 2007, the Louisiana Supreme Court likewise denied petitioner's request for review finding petitioner's Application untimely and hence barred by the limitation period set forth in La.C.Cr.P. article 930.8, expressly citing the article and *State ex rel. Glover v. State*, 93-2230 (La. 9/5/95), 660 So.2d 1189.[7] *State ex rel. Robert Guidry v. State of Louisiana*, 2006-KH-3005 (La. 9/28/2007), 964 So.2d 355. In his writ application in the Louisiana Supreme Court petitioner conceded that his "Motion" in the district court was filed after the expiration of the time limits provided by La. C.Cr.P. art. 930.8. Nevertheless, petitioner argued that he should be afforded the benefits of La. C.Cr.P. art. 930.8(A)[8] because "the facts upon which his claims are predicated were not known to him ...." [rec. doc. 1, p. 20]. Petitioner's request for reconsideration by the Louisiana Supreme Court was denied on November 16, 2007, 2006-KH-3005 (La. 11/16/07), 967 So.2d 515.

Petitioner signed the instant federal *habeas corpus* petition on December 11, 2007 and the envelope containing the petition is postmarked on December 14, 2007. The petition was received and filed by the Clerk of the United States District Court for the Middle District of Louisiana on December 17, 2007 and transferred to this court on January 25, 2008.

---

[7] In *State ex rel. Glover v. State*, 660 So.2d at 1201, the Louisiana Supreme Court held, "the fact that the trial court reached the merits in an untimely filed application for post conviction relief, when the application did not fit within one of the exceptions in Art. 930.8(A), did not preclude the court of appeal from raising Art. 930.8's time bar."

[8] La. C.Cr.P. art. 930.8(A)(1) provides an exception to the limitation period when "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney."

Petitioner argues a single claim for relief, namely, that his guilty plea is constitutionally infirm because the trial court did not inform him of his right to confront his accusers before accepting his guilty plea, as required under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

## *Law and Analysis*

### *Timeliness*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, this court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, *citing Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[9]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the

---

[9] Petitioner alleges no state created impediment which implicats the Constitution nor other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right. *See* 28 U.S.C. § 2244(d)(1)(B) and (C). Accordingly, these subsections are inapplicable. Petitioner, however, implies that the factual predicate of his claim was only recently discovered. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(D) could be implicated. That issue is discussed in the body of this ruling.

time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply filing a state [court] petition ...." *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1*; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000)*; Magee v. Cain*, 2000 WL 1023423, *4 (E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted on August 23, 1999 and sentenced on October 20, 1999. Petitioner did not appeal his conviction or sentence.  Thus, petitioner's conviction became final after the delay for seeking direct review in the  Louisiana Third Circuit Court of Appeals expired, that is, at the latest, November 20, 1999, thirty days after petitioner was

sentenced following his guilty plea. *See* La.C Cr.P. art. 914 [10]; *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003).

Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until November 20, 2000, to file for relief in this court. Petitioner cannot rely on the tolling provision of 28 U.S.C. § 2244(d)(2). Petitioner did not seek any state post-conviction relief until, at the earliest, May 4, 2006, when he filed his Motion to Withdraw his Guilty Plea which was converted to a state Application for Post-Conviction Relief. However, by that date, the federal limitations period had already expired. Once the limitation period imposed by 28 U.S.C. § 2244(d)(1) expired, it could not be revived by the filing of an application for relief in state court. *See Villegas*, 184 F.3d 467, *citing Flanagan*, 154 F.3d at 197; *Bogan*, 55 F.Supp.2d at 600; *Sorce,* 73 F.Supp.2d at 294; *Banford*, 2000 WL 1808491, at *2; *Williams*, 2000 WL 863132, at *2; *Magee*, 2000 WL 1023423, at *4; *Anderson,* 2005 WL 2304484, at *2 *Jones,* 2005 WL 2304484, at *2. Thus, Petitioner's post-conviction application did not restart the limitation period which had already properly commenced, by November 20, 1999 and expired by November 20, 2000. *Salinas, supra.*

To the extent that petitioner's allegations may be construed as suggesting that the factual predicate of petitioner's claim was only recently discovered as provided by 28 U.S.C. § 2244(d)(1)(D), that claim is without merit. Initially, the undersigned notes that Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a

---

[10] At the time of petitioner's conviction, La. C.Cr.P. art. 914(B)(1) provided only a five day period to move for an appeal. However, article 914 was amended by Act No. 949 § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. Although this Amendment did not become effective until August 2003, the undersigned has nevertheless given petitioner the benefit of the longer period in the amended rule.

*habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). Section 2244(d)(1)(D)[11] applies when the petitioner could not have discovered the factual predicate of his claim through due diligence. However, it is clear in this case that petitioner did not act with due diligence in order to discover the factual predicate of his claim. Thus, this subsection is inapplicable.

Petitioner complains about events which occurred during his August 23, 1999 guilty plea, while both he and his attorney were present. Thus, petitioner should have been aware of the complained of omission in the plea proceeding on that date. Nevertheless, petitioner admits that he did not attempt to challenge his plea until over six years later, in May, 2006, when he filed his Motion to Withdraw in the trial court. Further, given that the transcript of the plea proceeding was filed in the record on October 5, 1999, petitioner could certainly have, and indeed should have, discovered the factual predicate of his claim at that time. [*see* rec. doc. 1, pg. 27]. Yet, petitioner fails to demonstrate that he made any effort whatsoever to obtain the Clerk's copy of the transcript prior to May of 2006, despite the fact that the transcript is on file as matter of public record which could have been easily obtained by a simple letter to the Clerk of Court requesting same.

---

[11] Section 2244(d)(1)(D) provides for commencement of the limitation period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Finally, to the extent that petitioner suggests that he did not realize the significance of the complained of omission because he is "unskilled in the field of law", that claim is equally unavailing. The AEDPA limitations period defined by § 2244(d)(1)(D) begins to run when the *habeas* petitioner knows, or through due diligence could have discovered, the important facts, not when the petitioner realized the legal significance of those facts. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir.2001); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000); *Brown v. Michael*, 2007 WL 6772255, *1 (W.D.La. 2007).

Before closing, the undersigned will briefly address the effect of the October 6, 2006 writ denial by Louisiana's Supreme Court on this court's analysis. *See State of Louisiana ex rel. Robert Guidry v. State of Louisiana*, 2006-0799 (La. 10/6/2006), 938 So.2d 72. Petitioner does not mention this proceeding in his pleadings before this court. However, it is clear that the writ application in no way affects this court's analysis. The Clerk of the Sixteenth Judicial District Court has confirmed that there were no filings by either party in that court which could have precipitated this writ having been filed.

Further, even if this writ was related to a state post-conviction or other collateral attack filed initially in the trial court sufficient to toll the statutory limitation period in accordance with § 2244(d)(2), the pleading would have to have been filed in the trial court prior to the date that the limitations period expired, or sometime prior to November 20, 2000. Because the writ was not filed in the First Circuit Court of Appeals until June 20, 2005, it is highly unlikely that any post-conviction matter filed in the state district

court prior to November 20, 2000 would have remained pending in that court until sometime in 2005. It is even less unlikely that petitioner could have timely sought writs on any ruling by the trial court on any such post-conviction or collateral proceeding within the thirty day delay for seeking review.

There is no need for this court to direct petitioner to amend his pleadings to provide information on this prior litigation because even if this proceeding was sufficient to toll limitations pursuant to § 2244(d)(2), the instant federal petition would still be time-barred. More than one-year elapsed between the October 6, 2006, Louisiana Supreme Court's writ denial and petitioner's December 11, 2007 filing of this federal petition. While petitioner's Motion to Withdraw and appellate review of the denial of that Motion was pending in the Louisiana state courts during this period, that proceeding did not statutorily toll the running of the one-year limitation period. Statutory tolling applies only during the pendency of "properly filed" state post-conviction or other collateral proceedings. *See* 28 U.S.C. § 2244(d)(2). The record and the published jurisprudence of the State of Louisiana clearly demonstrate that the Louisiana state appellate courts found petitioner's request for post-conviction relief had been untimely filed, and hence, barred under the provisions of La.C.Cr.P. article 930.8. *See* rec. doc. 1, pg. 14, *State v. Guidry*, 2006-KW-2112 (La.App. 3rd Cir. 11/14/06) (unpublished); *State ex rel. Robert Guidry v. State of Louisiana*, 2006-KH-3005 (La. 9/28/2007), 964 So.2d 355.

Because the Louisiana appellate courts found petitioner's post-conviction pleading was untimely filed, that proceeding cannot be deemed "properly filed" for purposes of statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, the proceeding did not statutorily toll the federal one year limitation period, and the entire time that this proceeding remained pending in the Louisiana state courts is counted in calculating the federal one year limitation period.

Hence, for the reasons set forth above, the instant petition is unquestionably statutorily time-barred.

Petitioner is also unable to rely upon the doctrine of equitable tolling. To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,*-- U.S. --, 127 S.Ct. 1079, 1085 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing. Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714. *See also Coleman,* 184

F.3d at 402.  Additionally, even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief.  Here, petitioner did not even attempt to collaterally challenge his conviction in the Louisiana state courts until almost seven years after his conviction became final, and almost six years after the federal one-year limitation period had expired.  As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 402 citing *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d). Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party

may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 9th day of May, 2008.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE